UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON TYRONE PALMER,

    Plaintiff,

v.

    Case No. 23-cv-12961
    Hon. Matthew F. Leitman

BOKANI PROPERTY MANAGEMENT GROUP,

    Defendant.
_____/

**ORDER (1) DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 11), (2) DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1) AND (3) TERMINATING DEFENDANT'S MOTION TO DISMISS (ECF No. 7) WITHOUT PREJUDICE**

On November 21, 2023, Plaintiff Brandon Tyrone Palmer filed this breach of contract action against Defendant Bokani Property Management Group. (*See* Compl., ECF No. 1.) Bokani moved to dismiss Palmer's claims on December 22, 2023. (*See* Mot., ECF No. 7.) Bokani argued, among other things, that the Court lacked subject-matter jurisdiction over Palmer's claims. (*See id.*)

Palmer did not file any response to Bokani's motion. Nor did he contact the Court seeking additional time to respond. Accordingly, on February 1, 2024, the Court issued an order that directed Palmer, by no later than February 22, 2024, to either "respond to the pending Motion to Dismiss or otherwise show cause in writing why this action should not be dismissed." (Order, ECF No. 10, PageID.205.) The

1

Court then warned Palmer that his "failure to comply with [that] order [could] result in the dismissal" of his Complaint. (*Id.*)

Palmer did not respond to the Court's February 1 order by February 22 as directed. Instead, on March 8, 2024, Palmer filed a motion to strike what Palmer identified as "Defendant's Answer."[1] (Mot., ECF No. 11.) In that motion, Palmer did not respond, in any substantive way, to Bokani's arguments in its motion to dismiss. Nor did Palmer explain how the Court had subject-matter jurisdiction over his claims. Instead, Palmer simply reiterated his contention that Bokani "breached the contract." (*Id.*, PageID.209.) And Palmer listed a federal statute – 15 U.S.C. § 1615 – without explaining how that statute applied here or how the statute provided the Court subject-matter jurisdiction over his claims. (*See id.*, PageID.210.)

The Court **DISMISSES** Palmer's Complaint due to his failure to comply with the Court's February 1 order. As explained above, the Court ordered Palmer to respond to Bokani's motion to dismiss by no later than February 22, 2024. He did not do so. Instead, more than two weeks later, he filed his "motion to strike." But the motion to strike was not responsive to the arguments raised in Bokani's motion to dismiss, and it did not otherwise explain why the Court should not dismiss Palmer's claims. Therefore, because Palmer failed to timely comply with the

---

[1] Bokani has not filed an Answer to Palmer's Complaint. As explained above, it instead filed a motion to dismiss.

2

Court's February 1 order to "respond to the pending Motion to Dismiss or otherwise show cause in writing why this action should not be dismissed," the Court will **DISMISS** his Complaint.  The Court further **DENIES** Palmer's motion to strike (ECF No. 11) because the motion is meritless and **TERMINATES** Bokani's motion to dismiss (ECF No. 7) **WITHOUT PREJUDICE** because the motion is moot based on the Court's dismissal of Palmer's Complaint.

    **IT IS SO ORDERED**.

                                            s/Matthew F. Leitman
                                            MATTHEW F. LEITMAN
                                            UNITED STATES DISTRICT JUDGE

Dated:  May 22, 2024

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 22, 2024, by electronic means and/or ordinary mail.

                                            s/Holly A. Ryan
                                            Case Manager
                                            (313) 234-5126